FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

DEC 18 2008

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SEAN R. HILL, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| UNKNOWN, | : | CIVIL ACTION NO. |
| Defendant. | : | 1:08-CV-3715-TWT |

## ORDER and OPINION

Plaintiff, Sean R. Hill, an inmate at the Fulton County Jail in Atlanta, submitted a letter complaint, without prepayment of the $350.00 filing fee, that the Clerk of Court filed as a prisoner civil rights action. (Doc. No. 1.) For the purpose of dismissal, Plaintiff is **GRANTED** in forma pauperis status, and the matter is now before the Court for screening under 28 U.S.C. § 1915A.

## I. 28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no

chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-

88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

In his letter complaint, Plaintiff alleges the following. Plaintiff was charged with four counts of aggravated assault and, in approximately February of 2008, was placed in pre-trial detention in the Fulton County Jail. (Doc. No. 1 at 1, 9.) Plaintiff and his public defender, Ms. Carey, believe that he is entitled to a delusional compulsion

3

defense.[1] (Id. at 1.) The court ordered a psychiatric evaluation,[2] which was performed by a psychiatrist who is known for his partiality and bias in making findings that suit the prosecution's objectives. (Id. at 2-3.) The evaluation contained numerous errors and false statements, contained no reference to Plaintiff's decades of mental-health medical records or his twenty years of state and federally certified disability, and concluded that Plaintiff was criminally responsible for his acts. (Id. at 2, 4-5.) Plaintiff's public defender, Ms. Carey, was concerned that the psychiatrist may be biased and obtained Plaintiff's permission to request a second opinion. (Id. at 3.) The Circuit Defender, however, denied the request. (Id.) Plaintiff remains in pre-trial detention because he has been denied the right to bail, and his detention is approaching

---

[1] Under a delusional compulsion defense, "[a] person shall not be found guilty of a crime when, at the time of the act . . . constituting the crime, the person, because of mental disease, injury, or congenital deficiency, acted as he did because of a delusional compulsion as to such act which overmastered his will to resist committing the crime." O.C.G.A. § 16-3-3. "[T]here must be evidence that the defendant was laboring under a delusion, that the act itself was connected with the delusion and furthermore that the delusion would, if true, justify the act." Bailey v. State, 249 Ga. 535, 537, 291 S.E.2d 704, 706 (1982) (internal quotations omitted).

[2] Plaintiff complains that the evaluation was conducted approximately six months after the order was entered, in violation of the Consent Order at pages 24-25 in Harper v. Fulton County Jail, No. 1:04-CV-1416-MHS (N.D. Ga. Feb. 7, 2006). The Consent Order states that mentally ill patients shall be screened and provided their medication upon intake to the jail; it does not govern psychiatric evaluations for trial.

the year mark because Ms. Carey has not moved for a speedy trial – to which Plaintiff queries, "as is my right?" (Id.)

Plaintiff asserts that his constitutional rights are being violated to save State expenses and he is receiving ineffective assistance of counsel during this pre-trial period. (Id. at 5, 8.) Plaintiff states that he has exhausted all "internal" remedies and seeks injunctive relief and to be made whole from the stagnation of his case. (Id. at 10.)

When a plaintiff's state criminal proceedings are still in progress, the abstention principle in Younger generally prohibits the granting of federal court relief that interferes with a pending state criminal prosecution. Younger v. Harris, 401 U.S. 37, 41 (1971). Under Younger, federal interference with a state criminal prosecution is not warranted unless the state defendant has alleged (1) great, immediate, and irreparable injury that cannot be addressed by a defense to a single criminal prosecution, (2) repetitive and abusive prosecution, or (3) prosecution under a statute that flagrantly violates the Constitution. Id. at 46, 53-54.

Plaintiff's claims regarding the insufficiency of state funds and the effectiveness of his pre-trial counsel in obtaining an additional psychiatric report are the type of issues that can be addressed during his criminal prosecution and are subject to

5

Younger abstention. Further, any claim regarding the denial of release on bail cannot be raised in a civil rights complaint, but must be raised in a federal habeas corpus petition, after exhaustion of state remedies. See 28 U.S.C. § 2241;[3] Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release). Similarly, a claim regarding Plaintiff's speedy trial rights also should be raised in a habeas corpus petition, after exhaustion of state remedies. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-90 (1973) (holding that petitioner could bring pre-trial habeas challenge to the violation of his right to a speedy trial and "demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial"); Brown v. Estelle, 530 F.2d 1280, 1282-83 (5th Cir. 1976). Thus, Plaintiff fails to state a cause of action under § 1983, and, for the reasons discussed below, this Court declines construing this letter complaint as a

---

[3] Under the general habeas statute, a state pre-trial detainee is entitled to habeas relief if "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3); Hughes v. Attorney Gen. of Florida, 377 F.3d 1258, 1261 (11th Cir. 2004) (stating that pre-trial habeas challenge to state custody is properly brought under § 2241). A federal habeas petitioner, however, first must exhaust his available state-court remedies. See 28 U.S.C. § 2254(b)(1); Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973) (holding that the exhaustion requirement applies to all habeas corpus actions).

federal habeas corpus petition. Although Plaintiff has alleged that he has exhausted his "internal" remedies, there is no indication that he otherwise has exhausted available state remedies, as he must in order to bring a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1) (dictating that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies or circumstances exist that render the state process ineffective).[4] Further, sua sponte re-characterization of a filing as a habeas corpus petition is disfavored. See Castro v. United States, 540 U.S. 375, 377-78 (2003). Accordingly, this action shall be dismissed.

---

[4] In a Georgia criminal action, a defendant may move to reduce bail and pursue a pre-trial interlocutory appeal of the bail decision. See Howard v. State, 197 Ga. App. 693, 399 S.E.2d 283 (Ct. App. 1990). Further, after indictment, a defendant can file in his criminal case a statutory speedy-trial demand, O.C.G.A. § 17-7-170, and may directly appeal the denial thereof. Clark v. State, 259 Ga. App. 573, 574-75, 578 S.E.2d 184, 186-88 (Ct. App. 2003). A defendant also can file a motion in his criminal case to "bar [his] trial on the ground that his constitutional right to a speedy trial [has] been violated" and directly appeal the denial thereof. Hardeman v. State, 280 Ga. App. 168, 633 S.E.2d 595 (Ct. App. 2006). Georgia law also provides for pre-trial habeas corpus and mandamus petitions. O.C.G.A. § 9-14-1(a) (habeas corpus); O.C.G.A. § 9- 6-20 (mandamus).

## III. Conclusion

For the reasons discussed above,

**IT IS ORDERED** that the instant civil action is **DISMISSED WITHOUT PREJUDICE**. Because Plaintiff did not refer to the statute under which he filed his complaint and it could, arguably, have been construed as a federal habeas corpus petition, this dismissal does not count for purposes of 28 U.S.C. § 1915(g). See Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir.1997).

In the event that Plaintiff wishes to file a federal habeas corpus petition, the Clerk of Court is **DIRECTED** to forward Plaintiff a form habeas corpus petition.

**IT IS SO ORDERED** this 18 day of December, 2008.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

8